**F I L E D**

UNITED STATES COURT OF APPEALS

**FEB 20 2003**

FOR THE TENTH CIRCUIT

DAVID GLASSCOCK,

      Plaintiff - Appellant,

v.

O. LANE MCCOTTER, individually and as the Executive Director for the Utah Department of Corrections; B. PRITCHARD; DESMON BUTTS, individually and as the Mailroom Clerk at the Central Utah Corrections Facility; FRED VANDERVEUR, individually and as the Warden at the Central Utah Correctional Facility,

      Defendants - Appellees.

No. 02-4054
(D.C. No. 93-CV-534-B)
(D. Utah)

ORDER AND JUDGMENT  *

Before **KELLY** , **McKAY** , and **O'BRIEN** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Pro se appellant David Glasscock filed this action under 42 U.S.C. § 1983 while an inmate at the Central Utah Correctional Facility (CUCF). The only claim at issue in this appeal is Mr. Glasscock's allegation that prison officials violated his rights by opening privileged legal mail outside of Mr. Glasscock's presence.

The district court granted summary judgment for appellees on this claim adopting the report and recommendation of the magistrate judge. The magistrate judge determined that there were no disputed issues of material fact regarding CUCF's mail policy. CUCF's policy was to open inmate mail outside the presence of the inmate unless it was marked "privileged" or "confidential" and came from a specified list of legal entities. The magistrate judge determined that the only piece of incoming mail marked "privileged" was from an unlisted entity, and that therefore CUCF officials had not violated the policy. Mr. Glasscock argues that the Utah Administrative Code imposes no requirement that incoming mail be marked in such a manner.

In any case, Mr. Glasscock's argument that the policy does not comply with the Utah Administrative Code, even if true, does not affect the propriety of the district court's ruling on whether the policy comports with the federal

Constitution. *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999) (plaintiff bringing action under § 1983 must show that he was "deprived of a right secured by the Constitution or laws of the United States"). Further, contrary to Mr. Glasscock's assertion, this is a legal argument and does not raise any disputed issues of fact.

The magistrate judge concluded that the CUCF policy met the requirements that the United States Supreme Court established for such policies in *Turner v. Safley*, 482 U.S. 78, 89-90 (1987) (court must consider whether policy is validly and rationally connected to legitimate governmental interest; whether it leaves alternative means for prisoners to exercise right; the impact accommodation of right would have; and the absence of ready alternatives). Mr. Glasscock has not made any argument that would cause us to doubt the propriety of the district court's resolution of this issue.

Mr. Glasscock makes a cursory allegation that he was denied access to the courts due to the amount of time it took the district court to decide his case. To support a claim of denial of access to the courts, Mr. Glasscock must at a minimum show an actual injury resulting from the alleged denial of access. *See Lewis v. Casey*, 518 U.S. 343, 348-49 (1996). No such allegation was made here.

Accordingly, the judgment of the United States District Court for the District of Utah is AFFIRMED. Mr. Glasscock's motion to proceed without

-3-

prepayment of costs or fees is GRANTED.  We remind Mr. Glasscock of his obligation to continue making partial payments to the Clerk of the Court until the entire fee has been paid.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge